# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 1 1 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

BILLY CHARLES WILKINS, )
)
Petitioner, )
)
v. ) Case No. CIV 08-244-RAW-KEW
)
BRUCE HOWARD, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, is challenging his conviction and sentence in Johnston County District Court Case No. CF-2006-89A for Burglary in the Second Degree (Count 1) and Grand Larceny (Count 2), claiming his plea agreement was involuntary, because the State of Oklahoma did not immediately transfer him to Texas, as was agreed. The respondent alleges petitioner's claim is procedurally barred.

The record shows that petitioner first raised this claim in an application for post-conviction relief, which was denied on February 26, 2008. On April 2, 2008, he filed an appeal of the post-conviction denial, which was dismissed for failure to file a timely petition in error and brief, as required by Rule 5.2(C), *Rules of the Okla. Ct. of Criminal App.*, Title 22, Ch. 18, App. (2008). *Wilkins v. State*, No. PC-2008-0311 (Okla. Crim. App. Apr. 15, 2008). Pursuant to Rule 5.2(C)(5) of the *Rules of the Okla. Ct. of Criminal App.*, such failure

to timely file a petition in error with a brief constitutes a procedural bar for the Oklahoma Court of Criminal Appeals to consider the appeal.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner alleges the prison law library staff failed to notarize the affidavit *in forma pauperis* for his post-conviction appeal before mailing it to the Court of Criminal Appeals (OCCA). The affidavit was returned by the OCCA, and petitioner had it notarized and remailed to the appellate court. Petitioner miscalculated the due date for his post-conviction appeal documents, and the appeal was late. He also asserts he was not aware of the procedural bar rules in federal habeas corpus cases.

After careful review the court finds petitioner has failed to show "cause" for his failure to file a proper post-conviction appeal. The OCCA denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground

2

that bars federal habeas review. *See Coleman*, 501 U.S. at 750 His claim that the procedural default was caused by the law library staff is unsubstantiated, and he has not made a colorable showing of factual innocence. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 11th day of February 2009.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**